UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUN YANG,

          Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR,

          Respondent.

Case No. C20-1614-BHS-MAT

REPORT AND RECOMMENDATION

Petitioner Jun Yang is a native and citizen of China. Petitioner initiated this federal habeas action under 28 U.S.C. § 2241 to obtain release from immigration detention or a bond hearing. (Dkt. 1.) At the time he filed his petition, petitioner was confined at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington where he was awaiting removal to China pursuant to an administratively final order of removal. (*See id*.; Dkt. 7, ¶ 7.) Following service of the petition on the government, the government moved to dismiss this action, arguing that petitioner's continued detention was lawful and that petitioner was scheduled to depart for China within a short period of time. (Dkt. 5.) The government, however, was unable to remove petitioner as planned, apparently because it has been unable to satisfy COVID-19 testing protocols required by Chinese authorities. (*See* Dkt. 8.)

REPORT AND RECOMMENDATION - 1

On March 11, 2021, petitioner was released on an order of supervision. (Dkt. 10, Ex. C.) The government thereafter filed a motion to supplement the pleadings in which it requested that petitioner's federal habeas petition be dismissed as moot given that petitioner is no longer in federal custody and the only relief sought in the petition was release from custody. (Dkt. 9.)

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because petitioner's habeas petition challenges only the length of his detention at NWIPC, his claims were fully resolved by his release from custody. *See id.* at 1065. Thus, there is no collateral consequence that could be redressed by the Court, and petitioner's habeas petition must be dismissed as moot. *See id.*

Based on the foregoing, this Court recommends that the government's motion to supplement the pleadings and dismiss petitioner's habeas petition as moot (Dkt. 9) be GRANTED, that the government's original motion to dismiss the petition (Dkt. 5) be DENIED as moot, and that petitioner's federal habeas petition (Dkt. 1) and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be

REPORT AND RECOMMENDATION - 2

ready for consideration by the District Judge on **May 7, 2021**.

Dated this <u>9th</u> day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3